Sidney A. Fine, J.
The moving papers establish, without contradiction, that the contracts between plaintiff, Independent News Co. Inc., the national distributor for the other two plaintiffs, and each wholesaler provided for credit to the wholesaler for each unsold copy returned on condition (1) that the wholesaler agreed that said returned copies would be disposed of “ for no other purpose than waste paper ”, (2) that the wholesaler agreed to obtain a written commitment from those who purchased such returned copies from the wholesaler that they would use them only as waste and not resell them, and (3) that title to all such returned copies was to remain with the distributor until the returned copies had been “ so destroyed or mutilated as to be unusable for any purpose except waste ”.
In his opposing affidavit, on this motion for a temporary injunction, defendant does not reveal whether he purchased the returned copies which he sells as back numbers of the magazines (and not as waste paper) from wholesalers or dealers in waste, or both. The nearest he comes to any statement on this subject is the following language “even if there has been a breach of contract in the case of some wholesalers, the title to back-dated magazines which they sell to dealers in waste paper is vested in the latter and that certainly if where the latter sells to the defendant, there is no conversion so far as the defendant *812 is concerned, particularly where the defendant has no knowledge of any private agreements between the publisher and his agents ”. This statement does not definitely state that all of defendant’s purchases of returned copies are made from waste paper dealers. It is consistent with the possibility that he also buys from wholesalers. The statement is also far from a definite declaration that defendant had no knowledge of the contracts between the distributor and the wholesalers pursuant to which (1) title to returns for which the wholesalers received credit from the distributor, did not pass to the wholesalers until the returned copies had been so mutilated or destroyed that they could be used only for waste paper and (2) the wholesaler agreed to sell such returns only for waste paper. If defendant was aware that contracts between the distributor and the wholesalers required the latter to dispose of the returned copies only as waste paper his resales of returned copies purchased from wholesalers as back numbers of the magazines, and not as waste paper, were made with knowledge that he was aiding breaches of the contracts between the distributor and the wholesalers. In any event, whether defendant purchased from wholesalers or from dealers in waste paper, he purchased personal property the title to which had not passed to the wholesalers or to the dealers in waste paper because the returned copies had not been so mutilated or destroyed that they were fit for use only as waste paper.
In these circumstances, the plaintiffs are entitled to enjoin defendant, pendente lite, from selling back numbers of the magazines published by plaintiffs, Yachting Publishing Corporation and Maco Magazine Corporation, whose original covers have been removed, in whole or in part (the procedure agreed upon in the distributor’s contracts with the wholesalers in order that the latter may receive credit for returns from the distributor).
The claim of defendant that plaintiffs are violating anti-monopoly statutes is not substantiated by the papers submitted by him.
It is accordingly unnecessary, at this time, to consider plaintiffs’ claim that even apart from the questions of title and breach of contract involved, they are entitled to injunctive relief by reason of certain penal statutes.
Defendant states that his livelihood is at stake in this litigation. He does not state that plaintiffs’ magazines are the only ones he sells and there is no factual support for the claim made.
The motion is granted to the extent indicated. Defendant may, if he so elects, submit an order providing for the placing *813 of the cause at the head of the Trial Calendar for January 19, 1959 upon serving and filing a note of issue and payment of proper fees. Statement of readiness is waived. Suggestions as to the amount of the undertaking to be furnished by plaintiffs will be received upon the settlement of the order.
Settle order.